# CHARLESTON.

## MORGAN'S ADM'R *v.* BRAST.

Submitted November 11, 1890.—Decided December 6, 1890.

SPECIFIC PERFORMANCE—DEFICIENCY IN QUANTITY OF LAND.

M. sold to B. a tract of land supposed to contain three hundred acres, more or less, at the price of eleven dollars per acre. A certain part containing twenty acres of average value was held by title paramount, leaving a balance ascertained by survey of two hundred and thirty four acres. *Held,* M., the vendor, is entitled to specific performance as against vendees with abatement of purchase-money at contract price for the land lost.

*E. B. Snodgrass* for appellants, cited :

26 W. Va. 570 p't 2 Syll. ; 2 Tuck. Comm. 464 ; 5 Munf. 185 ; 9 W. Va. 339, p't 1 Syll. ; 23 W. Va. 314; 25 W. Va. 394; 21 W. Va. 326 ; Code, c. 129, s. 7 ; 27 W. Va. 220, 385 ; 1 Munf. 130 ; 1 Rob. 287 ; 2 W. Va. 347 ; 4 W. Va. 273 ; 19 W. Va. 438, 492 ; 27 Me. 308 ; 23 Gratt. 814 ; 30 Gratt. 105 ; 21 W. Va. 632 ; Code, c. 131, s. 18 ; 26 W. Va. 412, p't 5 Syll.

*W. S. Wiley* for appellee, cited :

Sedg. Dam. 68, 69 (t. p.) 70–72 & n. ; Bent Dig. "Damages" 313 ; 26 W. Va. 455 ; 4 W. Va. 273–275 ; 25 W. Va. 543–550 ; 22 Gratt. 815.

Holt, Judge :

This was a suit brought in the Circuit Court of Wetzel county on the 28th of October, 1886, by John W. Morgan, plaintiff below, against Brast and Braunlich, to enforce payment of the balance of purchase-money claimed to be due on a contract under seal dated April 8, 1882, for the sale and purchase of a tract of land supposed to contain three hundred acres, more or less, which contract is as follows :

"Pine Grove, April 8th, 1882. Article of agreement made this, the 8th day of April, 1882, between J. W. Morgan, party of the first part, and A. E. Brast and C. F. Braunlich, party of the second part, witness : That said party of the first part hereby covenants and agrees that if the party of the second part shall first make the payments and perform the covenants hereinafter mentioned on their part to be made and performed the said party of the first part will convey and assure to the party of the second part, in fee-simple, clear of all incumbrances whatever, by a good and general warranty deed, piece or tract of land known by deed made by Jacob Fluharty, Francis Doran, and Isaac Hoge to said J. W. Morgan ; the said tract of land lying on the waters of Crow's run is supposed to contain three hundred acres, more or less ; and the party of second part hereby covenant and agree to pay to said party of the first part one half cash, the remainder in two equal payments,

the first payment in one year from the 1st day of April, 1882, the second payment in two years from the 1st day of April, 1882, with interest at six *per cent. per annum;* the said land to be eleven dollars per acre. (Signed and sealed.) J. W. Morgan. [Seal.] A. E. Brast. [Seal.] C. F. Braunlich. [Seal.]"

On the contract, and as of its date, there is indorsed a credit of one thousand, four hundred and twenty dollars and twenty five cents, and also, as of 3d April, 1883, a credit of three hundred and fifty dollars. These credits plaintiff gives, and defendants claim no more.

The controversy is as to abatement of purchase-money for loss of land, and sets-off claimed connected with the loss. The vendees bought the land for its timber, and at once took possession, and commenced cutting the same. After they had been cutting and removing the timber for about two and a half years, and some eighteen months after the last payment had become due, Morgan brought this suit, and obtained from the judge in vacation an injunction from further cutting or removing timber, on the ground that defendant had no property of any value except this land, and that, if permitted to further diminish its value by cutting timber, it would not be worth the balance of the purchase-money. With his bill Morgan filed a deed dated 6th of October, 1886, from himself and wife to the vendees, to be held as an escrow to be delivered to them on payment of such balance.

Brast and Braunlich filed their demurrer and their joint and several answers, and moved the court to dissolve the injunction, which was done; but the cause was retained for further hearing. On the 26th of January, 1887, the cause came on to be heard upon bill and exhibits filed therewith, joint and separate answer of defendants with general replication thereto, the order granting and order dissolving the injunction, and argument of counsel; and, on motion, leave was given plaintiff to file within thirty days special replication to affirmative matter set up in the answer; and the Court referred the cause to Commissioner Young to ascertain and report—*First.* What amount of land was included in the boundaries of the land sold, leav-

ing out the part recovered by Thomas Cunningham in..the ejectment suit of John W. Morgan against Thomas Cunningham, tried at September term,. 1886, of the Circuit Court of Wetzel county. *Second*. The amount of purchase-money due plaintiff from defendants, based on the terms of the contract in the bill set forth.. *Third*. What abatement of purchase-money, if any, the defendants are entitled to. *Fourth*. What amount, if any,. defendants are entitled to as compensation and damages by reason of the loss of timber on the land recovered by Cunningham. *Fifth*. What, if anything, defendants are entitled to by reason of the depreciation in value of the remainder of the land on account of the recovery by Cunningham. . *Sixth*. Any other matter deemed pertinent by the commissioner, or required by any party;—and leave was given to take depositions to be read before the commissioner and at the hearing.    . . .

On the 19th day of July, 1887, the commissioner commenced to execute the order; by consent of parties took and returned in writing the testimony of some nineteen witnesses together with his report, in which he sets forth what he styles "facts proven,". and various statements of accounts based thereon: that the land sold, after deducting the twenty acres held by Cunningham, containing two hundred and thirty four acres; and after deducted payments made and counting interest to 15th of May, 1888, leaves a balance of purchase-money and interest to that date of one thousand one hundred and thirty nine dollars and forty eight cents. He reports the amount of taxes paid by defendants on the twenty acres held by Cunningham to be fourteen dollars and ninety one cents, .and he makes the statement for the twenty acres at eleven dollars per acre, the contract price. He also reports against plaintiff, as a set-off, thirty one dollars and ninety seven cents, amount of..a judgment recovered by Cunningham against defendants for timber taken by them from the disputed twenty acres. He puts the profits that defendants would have made on the timber of the twenty acres at five hundred dollars, and the depreciation to the residue of the tract by the loss of the twenty acres at seven hundred and two dollars. Whether these are to be additional abatements from the purchase-

money he submits to the court. He estimates and reports them, so that, if the claims of defendant should be sustained, the court would have the *data* for abatement at hand. This report bears no date, and the time of filing does not appear.

The plaintiff took various exceptions to the report, but there is no date showing when or where they were taken, or when they were filed. In the meantime plaintiff departed this life intestate; and on the 19th of September, 1889, the cause was revived in the name of B. L. Morgan, his administrator. On the 26th day of September, 1889, the court below pronounced the following decree:

"This cause came on again on this day to be heard upon the papers formerly read, the former orders and decrees, the special replication to defendants' answer filed by plaintiff, the report of Commissioner F. B. Young, to whom this cause was referred by decree of January term, 1887, and the exceptions to said report taken and filed by plaintiff, and was argued by counsel; on consideration whereof, the court is of opinion that plaintiff's exceptions to said commissioner's report are well taken, and it doth sustain the same; and, it further appearing to the court that twenty acres of the tract of land agreed to be sold and conveyed by the said John W. Morgan to the defendants has been lost by the judgment in the action of ejectment mentioned in the pleadings and proceedings herein, the court is of opinion that the defendants are entitled to an abatement from the purchase-money for the value of the part so lost, and that such abatement shall be at the rate of the average value per acre of the entire tract, as fixed by the parties in their agreement, but that the defendants are not entitled in this suit to any allowance for damages alleged to have been sustained by them in being deprived of the timber on that part of said land so lost, and the profits they claimed they would have made by its appropriation and sale if the said land had not been so lost, nor for any alleged depreciation in the value of the residue of the tract because of the loss of a part thereof in the action of ejectment aforesaid, nor for taxes alleged to have been paid on the tract of land by the defendants, nor for the judgment recovered by Thomas

Cunningham against the defendant for timber alleged to have been taken by them off the said twenty acres so lost by the judgment in said action of ejectment; and, it further appearing to the court by the report of the commissioner, F. B. Young, that, after excluding the twenty acres so lost as aforesaid, there remains of the original tract of said land two hundred and thirty four acres, and that the defendants were indebted on account of the balance due on said land in the sum of one thousand, one hundred and thirty nine dollars and forty eight cents at the time of the making up of the said report, the same being the 15th day of May, 1888, after allowing the said defendants all credits and sets-off, including the abatement made in the purchase price at the rate of the price agreed to be paid per acre for the twenty acres lost by the judgment in the ejectment suit aforesaid, the court is of opinion that so much of the said report as ascertains the balance so due should be confirmed. It is therefore adjudged, ordered and decreed that the contract made and entered into between John W. Morgan of the first part and A. E. Brast and Chas. F. Braunlich of the second part, on the 8th day of April, 1882, the same being the contract of purchase and sale mentioned and described in this cause, be specifically performed and carried into execution, and that B. L. Morgan, administrator of the estate of John W. Morgan, deceased (in whose name this suit has been revived) recover of the said defendants, A. E. Brast and Chas. F. Braunlich, the sum of one thousand, one hundred and thirty nine dollars and forty eight cents, the amount so found to be due from said defendants by said commissioner's report, with interest thereon from the 15th day of May, 1888, until paid, and so much of the said commissioner's report is hereby confirmed; and that said B. L. Morgan, administrator etc., also recover the plaintiff's costs of this suit, and sixty days from this day is given to said defendants to pay the same, and, in case said payment is made, the said defendants shall have permission to withdraw from the papers of this cause for record the deed of conveyance for said land filed in this cause as an escrow, but not otherwise; and, in case the said defendants fail to make said payment, the real estate men-

tioned and described in said deed so filed as an escrow shall be sold, and the proceeds applied to the payment of the said debt, interest, and cost, on the following terms : one third of the purchase price to be paid cash in hand on day of sale, one third in six months, and one third in twelve months, from day of sale, the purchaser to give interest-bearing notes for the deferred payments, with good security, and a lien to be retained on the said land to further secure the said deferred payments ; and Frank F. Morgan is hereby appointed a special commissioner to make said sale, but before making same he shall give a bond before the clerk of this court in the penalty of one thousand, five hundred dollars, with good security, to be approved by said clerk, which bond shall be conditioned according to law. He shall also give notice of the time, place and terms of said sale in some newspaper published in Wetzel county for four successive weeks prior to the day of sale, and post a like notice at the front door of the court-house of Wetzel county."

From this decree the cause is brought here on appeal taken by Brast and Braunlich, defendants below, and they assign the following errors, and insist upon them in their brief :

"(1) The court erred in failing to sustain defendant's demurrer to the bill." The demurrer was not directly passed upon, but the court, in deciding the principles of the cause, must be taken to have considered the sufficiency of the bill, and, in effect, to have overruled the demurrer. *Hinchman* v. *Ballard*, 7 W. Va. 152. I can see no reason why the demurrer should not have been overruled. The contract is aptly drawn, and speaks for itself. The plaintiff, in his bill, alleges that he was seised of and well entitled to a certain tract of land situated in Wetzel county, on Crow's run, in the contract described ; alleges the making of the contract, and sets it out in its very words ; states the amount paid, and the balance due and unpaid ; that defendants had taken, and plaintiff given, actual possession of the land ; that he was able, ready, and willing to perform the rest of the contract to be performed on his part ; that he had tendered a proper deed of conveyance, which he filed as an escrow, to

be delivered to defendants on payment of the balance of the purchase-money; had demanded the payment thereof, which defendants failed and refused to pay; and prays that defendants might be compelled to perform specifically their agreement; and for general relief. There is nothing omitted, nothing vague or indefinite, in the statement of his case, but everything necessary to entitle him to relief is clearly and distinctly alleged.

" (2) The court erred in permitting the plaintiff to file a special replication to defendant's answer, or to any part thereof." This was immaterial, as it only amounted to a general replication, and in no wise affected defendant's defence; but they proceeded to mature the cause, take depositions and have the cause heard, treating it as a general replication. *Chalfants* v. *Martin*, 25 W. Va. 394.

" (3) The court erred in overruling plaintiff's exceptions, because filed too late, and without leave of the court." There is nothing to show when the report was filed, nor when or how the exceptions were taken, except that they are both recited as papers read on the hearing of the cause on the 26th of September, 1889; and besides the court made no decree which it could not have made without any exceptions.

" (4 and 5) The court erred in refusing to allow defendant the sum of five hundred dollars profits on timber on twenty acres, and seven hundred and two dollars as compensation for depreciation in value of residue of the land sold owing to the loss of twenty acres." Where the slightest foundation for either of these claims is to be found in this record I am at a loss to see. The whole conduct of plaintiff in regard to the twenty acres shows that he acted with the utmost good faith. He pointed out to defendants the twenty acres, and told them of Cunningham's claim, but asserted his own title, believing himself to be the rightful owner. The defendants bought it with their eyes open. Immediately after their purchase, Cunningham stopped them from cutting timber on it. If this twenty acres was the main inducement for their making the purchase, why did they not at once ask to have the contract rescinded? On the contrary, they proceeded to cut and take off all

the valuable timber from the remaining two hundred and thirty four acres. They were not willing then to rescind, and do not ask it now. The twenty acres lost was of not more than average value, and the court did right in making the abatement from the purchase-money on the basis of the contract price.

"(6) The court erred in refusing to allow the defendants credit for the sum of thirty one dollars and ninety seven cents, the amount of the judgment recovered by Cunningham against them." Defendants state in the evidence that the timber cut by them on the twenty acres was worth fifty dollars as it stood. They paid Cunningham for it twenty dollars with its interest. They did not pay plaintiff; but the costs of that suit, seven dollars and thirty five cents, might have been properly allowed them.

"(7) The court erred in refusing to allow defendants any credit or set-off by reason of the payment of two hundred and twenty three dollars and sixty five cents, the taxes on the whole tract of land, paid by them." The defendants were at once put in actual possession of the two hundred and thirty four acres, and it was their duty to pay the taxes, the contract being silent on the subject. They were not put in possession of the twenty acres, and were therefore entitled to recover from plaintiff fourteen dollars and ninety one cents as taxes paid for him, the commissioner finding that to be the proportional part.

"(8) The court erred in refusing to allow defendants anything as compensation for labor and expense in making a road to the twenty acres." Defendants make no claim for this in their answer, nor is it sustained by the proof.

"(9) The court erred in adjudging that the amount of the decree, eleven hundred and thirty nine dollars and forty eight cents, should bear interest from the 15th day of May, 1888, when it should have decreed interest from the 26th day of September, 1889, the day on which the decree was entered." This was error, of which the defendants have right to complain. It increases the amount by counting interest on interest from the 15th of May, 1888, to the 26th of September, 1889, the date of the decree.

"(10) The court erred in holding the deed in escrow to

be a valid and sufficient conveyance." It is a deed of general warranty, properly acknowledged, and ready for delivery and recordation. The calls in this deed do not correspond exactly with the calls of the patent to Fluharty, or with the calls in the deed from Fluharty and others to Morgan, but some change was made necessary to exclude the Cunningham twenty acres; and in the more careful resurveying done corrections in the call for course and distance were no doubt found to be necessary, and it calls to contain two hundred and thirty seven acres and one hundred poles, instead of two hundred and thirty four acres, the more accurate estimation adopted by the court; and I should suspect in a far off and unreliable way that the course of the closing line is S., 76 E. instead of N., 76 E.; that the corner trees at each end of this line are given, and they control course and distance. But this is a matter defendants ought to have called attention to, and, if found erroneous, had corrected in the court below. But the only objection made was that it did not include all the land contracted to be sold. Whatever right defendants may have to a further deed describing accurately metes and bounds of the two hundred and thirty four acres is hereby reserved to them.

"(11) The defendant's counsel insist in their argument that the court also erred in appointing Frank F. Morgan a special commissioner to make the sale; that it did not in so many words say in the decree that the special commissioner should append to his notice of sale the certificate of the clerk that bond and security had been given by the commissioner, as required by law, and that the court in its decree fixed no place of sale."

I see no objection to the appointment of Frank F. Morgan as commissioner unless it is based on an inference that might be drawn that he may be interested in the proceeds of sale. When such objection is distinctly made and presented we will decide it. The commissioner no doubt will follow the law in appending to his notice of sale the certificate of the clerk as required. Until he fails to do so there is no ground of complaint, and the decree need not give him special directions on that subject. It is usual

for the decree to fix the place of sale. If this has been inadvertently omitted, it can be supplied when the case goes back, unless there be some good reason for leaving it to be fixed by the commissioner. The decree, being credited with fourteen dollars and ninety one cents and seven dollars and thirty five cents as of May 15, 1888 with interest up to the 26th September, 1889, and the balance due bearing interest from that date until paid, is affirmed.

AFFIRMED IN PART, REVERSED IN PART.